UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00228-JMS-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ADAM LOGSTON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00228-JMS-MJD ) |
| ADAM LOGSTON, | ) -01 ) |
| Defendant. | ) |

### ORDER

Defendant Adam Logston seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 39; Dkt. 46. For the reasons explained below, Mr. Logston's motions are **denied**.

## I.
## Background

In December 2021, Mr. Logston pled guilty to one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 33 at 1. Based upon a total offense level of 17 and a criminal history category of VI, Mr. Logston faced a guideline imprisonment range of 51 months to 63 months. Dkt. 28 at 33. The Court sentenced him to 42 months of imprisonment, to be followed by 3 years of supervised release. Dkt. 33 at 2-3.

Mr. Logston filed a pro se motion for compassionate release. Dkt. 39. The United States filed an opposition to the motion. Dkt. 44. Thereafter, the Court ordered Mr. Logston to file an amended motion if he wished to raise grounds that implicate changes to the United States Sentencing Commission's policy statement regarding the appropriate use of § 3582(c), effective November 1, 2023. See USSG §1B1.13 – Amendment 814. Dkt. 45. Mr. Logston then filed a second motion for compassionate release which did not raise any new grounds for relief. Dkt. 46. The United States again filed an opposition to the motion. Dkt. 47. The motions are now ripe.

2

## II.
## Discussion

In his motions, Mr. Logston argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he suffers from several medical conditions which are not being properly treated and prevent him from providing self-care; (2) he is at risk of severe illness from COVID-19 due to these medical condition; (3) he would like to help his father, who is struggling to maintain the family painting business while Mr. Logston is incarcerated; and (4) there is insufficient access to programming at the Bureau of Prisons ("BOP"), which the Court could not have anticipated at the time of sentencing. The Government argues that Mr. Logston failed to exhaust the administrative process for compassionate release and has not presented extraordinary and compelling reasons for release. Dkt. 44 at 5-7. The Government also argues that the § 3553(a) factors weigh against compassionate release. *Id.* at 16.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate

3

release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).  The Court has considered said amendments while adjudicating Mr. Logston's motion, as appropriate.

    *1. Exhaustion*

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

In its response, the United States affirmatively invokes the defense of exhaustion, arguing that Mr. Logston failed to meet his burden of proof to show that he exhausted administrative procedure. Dkt. 44 at 5. Mr. Logston states that he did exhaust administrative procedure, but provided no evidence that he petitioned the BOP to bring his motion. Dkt. 39 at 2-3. Instead, to support his claim, he cites to an attached exhibit that contains only medical records. Dkt. 14-24. No other exhibit attached to Mr. Logston's motion contains any evidence that he presented any petition to his facility's warden for his release. Mr. Logston therefore did not meet his burden to show that he exhausted BOP administrative procedures for compassionate release before bringing this motion in front of the Court. For this reason, the Court cannot find that Mr. Logston exhausted his request administratively, and his Motion for Compassionate Release must be denied.

    *2. Extraordinary and Compelling Reasons for Release*

In the interest of thoroughness, the Court considers whether, even if Mr. Logston had exhausted his administrative remedies, he has established extraordinary and compelling reasons for release.

Mr. Logston first argues that he establishes an extraordinary and compelling for release because his serious medical conditions, including chronic viral hepatitis C, atrial fibrillation, unspecified cirrhosis of the liver, and probable early-stage prostate cancer, are severe and render him unable to provide self-care, and he is not receiving proper treatment for his conditions in the BOP. Dkt. 46 at 1. The Government argues that Mr. Logston's medical conditions are being actively treated in BOP facilities. Dkt. 44 at 7.

While the Court acknowledges that these illnesses can be serious, and that Mr. Logston argues that he is dealing with dripping urine and a lack of regular access to laundry, it does not appear that Mr. Logston is unable to provide self-care due to these conditions. Specifically, it appears that Mr. Logston's medical records contradict his assertions regarding the severity of his conditions and the treatment he is receiving for these conditions. First, following a visit with a physician on June 27, 2023, the doctor noted that his atrial fibrillation was "[s]table. . . . being followed by cardiology[, and c]urrently asymptomatic." Dkt. 44-1 at 1. The doctor also noted that he "[h]as cirrhosis also but [is] up-to-date on EGD." *Id.* That same day, Mr. Logston also had a follow-up visit regarding hepatitis C treatment which his doctor noted he was "tolerating [] well" and that his only complaint was a headache for which he refused to take Tylenol or ibuprofen. *Id.* at 4. Though he claims it is probable that he has prostate cancer, his most recent medical records indicate that prostate biopsies were negative. *Id.* at 2. Finally, Mr. Logston contends that he is constantly dripping urine. Dkt. 46 at 1. However, when he was examined for prostate issues on January 24, 2023, he reported only some dripping and an "odd sensation in penis when voids" but no leakage. Dkt. 44-1 at 157. Moreover,

5

Mr. Logston intends to help his father with the family painting business upon release once his medical needs are addressed, dkt. 39 at 3, indicating that he believes he will fully recover given proper medical treatment.

To the extent he claims that he is not receiving proper medical treatment while incarcerated, even if his allegations were supported by medical evidence, they might form the basis for relief in a civil suit filed in Mr. Logston's district of incarceration but are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Based on these facts, the Court finds that Mr. Logston has not met his burden to establish that his medical conditions constitute an extraordinary and compelling reason for compassionate release, either alone or in combination with any other reason.

Mr. Logston next argues that the risk to his physical health presented by COVID-19—particularly in light of his medical conditions—is an extraordinary and compelling reason to release him. The Government contends that Mr. Logston cannot show that COVID-19 presents an extraordinary and compelling reasons for release because there is no evidence that he has opted to receive the COVID-19 vaccine. Dkt. 44 at 13. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Logston has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, he "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee,* 25 F.4th 531, 533 (7th Cir. 2022). Specifically,

he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Mr. Logston has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.

Mr. Logston next argues that his desire to help his father with the family painting business is an extraordinary and compelling reason for compassionate release. The Government argues that these circumstances are not extraordinary and that Mr. Logston has presented no evidence that he is the only person available to assist his father. Dkt. 44 at 15. While the Court is sympathetic to the effect that Mr. Logston's incarceration has had on his family, the Court cannot find that his situation is an extraordinary and compelling reason to grant him release. Many, if not all, inmates have friends and family who are affected by their incarceration and who they wish to assist. Such a desire is common, not extraordinary. *Cf. United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). For these reasons, the Court finds that Mr. Logston has not carried his burden to show that his desire to work to support his family is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Finally, Mr. Logston argues that the lack of programming available at the BOP is an extraordinary and compelling reason for compassionate release. This is a circumstance that all inmates have been subjected to during and after the COVID-19 pandemic. Lack of programming is, again, common to many inmates in Mr. Logston's facility, not an extraordinary and compelling reason for compassionate release. Accordingly, the Court finds that Mr. Logston has not carried his burden to show that lack of BOP programming is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

In sum, the Court does not find that any of the arguments made by Mr. Logston establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason.

3. *3553 Sentencing Factors*

Even if the Court were to assume that Mr. Logston had established an extraordinary and compelling reason, however, the Court would nevertheless find that he is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 weigh against release. In his favor, Mr. Logston has family support if released, represents that he has not had any disciplinary infractions during his incarceration, and has taken what few classes have been available to him. Weighing against him, Mr. Logston committed a serious crime. He has 11 prior felony convictions and many instances of his community corrections/probation being revoked. Dkt. 28. Mr. Logston committed the instant offense while under a criminal justice sentence for dealing in methamphetamine. The Court was aware of his liver and heart issues at his sentencing in January 2022, but still concluded that imprisonment for 42 months was appropriate even though there was no mandatory minimum. Dkt. 28 at 28, 33. Finally, Mr. Logston is not scheduled to be release for approximately six months, thus releasing him now would be a significant reduction to his 42-month sentence.

In light of these considerations, the Court finds that releasing Mr. Logston early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Mr. Logston's motions for compassionate release, Dkt. [39], [46], are **denied**.

**IT IS SO ORDERED.**

Date: 1/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Adam Logston
Register Number: 61213-509
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN  47808